a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMRIT SAPKOTA #A201431262,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-00851<br>SEC P |
| VERSUS | JUDGE DRELL |
| LASALLE CORRECTIONAL CENTER ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Amrit Sapkota ("Sapkota") (A#201431262) and a Motion to Dismiss (ECF No. 9) filed by the Government. At the time of filing, Sapkota was a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Correctional Center in Jena, Louisiana.

Because the Court lacks jurisdiction, the Motion to Dismiss (ECF No. 9) should be GRANTED and the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Sapkota is a native and citizen of Nepal. ECF. No. 1 at 10. He entered the United States seeking asylum on December 26, 2018. ECF No. 1 at 10. Sapkota remained in ICE custody since that date. Sapkota states that his application for asylum and withholding of removal was denied on July 25, 2019. ECF No. 1 at 10.

1

Sapkota alleges that ICE has been unable to remove him despite his cooperation, and his removal is unlikely in the reasonably foreseeable future.

The Government filed a Motion to Dismiss and Declaration indicating that Sapkota was removed from the United States to Nepal on September 29, 2020. ECF No. 9-2 at 2.

## II.    Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Based on the Government's unopposed contention that Sapkota has been removed, the § 2241 Petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*,

582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 9) be GRANTED and the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, November 24, 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE